```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                              CRIMINAL NO. 2:20-00149

JAY JAMES FIELDS

## MEMORANDUM OPINION AND ORDER

In Charleston, on September 16, 2025, came the defendant, Jay James Fields, in person and by counsel, David R. Bungard, Assistant Federal Public Defender; and came the United States by Donald Keith Randolph, Assistant United States Attorney; and came Senior United States Probation Officer Steven M. Phillips, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on July 11, 2025. The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked.

Whereupon the defendant admitted the conduct as alleged in Violation No. 1 as to the speeding ticket, fine, and court costs. He further admitted the three positive urine screens and possessing marijuana prior to those occasions, as set forth in Violation Nos. 2 and 3. Finally, defendant admitted to the conduct outlined in

Violation Nos. 4 and 5. Accordingly, based on defendant's admissions, the court found those charges were established by a preponderance of the evidence.

The court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was 18 to 24 months. The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court. Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of 24 months. Neither party objected to the Guideline range and statutory penalty as determined by the court.

The court found that there was sufficient information before the court on which to sentence the defendant without updating the presentence investigation report.

For reasons placed on the record at the hearing, counsel for defendant asked the court to hold the proceeding in abeyance to allow defendant to participate in inpatient substance abuse treatment. The defendant, government, and the probation office agreed with the foregoing course of action. Therefore, the court **ORDERED** the defendant's term of supervised release modified to impose the following additional special condition:

      1)    The defendant shall participate in and successfully complete the inpatient drug treatment program at Recovery Point in Bluefield, West Virginia.

Accordingly, the court **ORDERED** defendant released from custody on September 24, 2025, at 9:00 a.m., so that his sister, Crystal Fields, can transport him directly to Recovery Point.[1]  The court further **ORDERED** this proceeding continued until further order of the court.  Defendant's term of supervised release is subject to all the terms and conditions of release originally imposed as well as the new condition outlined above.

      The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

      **IT IS SO ORDERED** this 17th day of September, 2025.

                                ENTER:

                                *David A. Faber*
                                David A. Faber
                                Senior United States District Judge

---

[1] At the hearing, the court ordered defendant released on November 6, 2025.  However, after the hearing and before entry of the written order, counsel for defendant was notified that a space for defendant had become available on September 24, 2025.